CLEVENGER, Circuit Judge,
dissenting-in-part.
First, a few words about the claim in suit. Claim 45 is drawn to a computer program which contains logic configured to do things to an “end user communication message.” The “things” for which the logic is configured are: (a) receipt of “an” end user communication message from a first site; (b) insertion of a background reference to a stored advertisement in “said” end user communication message, with the logic further configured for insertion of the background reference in response to an overwrite authorization; and (c) transmission of “said” end user communication message with the background reference to a second site.
Yahoo! sought unsuccessfully to have the claim treated in essence as a method claim, with the things for which the logic is configured necessarily being performed as steps in the order claimed. The district court instead held that the claim is to an apparatus with no requirement for sequential configuration of the required logic. Yahoo! also sought to have “end user communication message” be construed to mean “a written communication intended for an end user.” The district court disagreed, and defined the term as “a set of data transmitted over a network.” Yahoo! does not appeal either point.
Coming back to claim 45, the “end user communication message” is just “a set of data transmitted over a network.” And an infringing computer program need only have logic configured to permit (a) receipt of a set of data from a first site; (b) insertion of the claimed background reference in a set of data in response to an overwrite authorization; and (c) transmission of a set of data with the background reference to a second site. The logic does not have to be executed in any particular order.
The jury heard testimony that YahooPs Messenger computer program has logic configured to do each of the three things called for by claim 45. Nonetheless, the majority reverses the jury verdict of infringement on two grounds. First, the majority revises the district court’s claim construction to require the limitations of claim 45 to act upon a single message. Second, the majority reverses the jury’s finding of infringement under the doctrine of equivalents. I respectfully disagree with the majority’s reasoning and conclusion on both grounds.[1] We should sustain the jury’s verdict of literal and equivalents infringement.
I
Yahoo! hinges its appeal on a single claim construction argument and asks the Court “[w]hether the district court erred in construing the phrase ‘said end user communication message.’” Appellant Br. at 1. YahooPs argument relies upon reading the phrase “said end user communication message,” used in the second and third limitations of claim 45, as dependent upon the phrase “an end user communication message” used in the first limitation. *735 Yahoo! argues that the use of the word “said” means that the end user communication message (or “set of data” as construed by the district court) referenced in the second and third limitations of claim 45 must be the exact same set of data that is received over the network in the first limitation. The majority sides with Yahoo!.
Yahoo! understands that the district court’s interpretation of “said” in connection with “a” or “an” in claim 45 means that the claimed logic configurations need not be performed on the same set of data. That is why Yahoo! bases its appeal on whether the district court erred in construing the “said end user communication message” limitation. The majority misrepresents YahooPs argument when it contends that “the focus of YahooPs appeal is not on the district court’s construction of the term ‘said,’ but on the court’s failure to instruct the jury that ‘all the limitations must be configured to operate on the same message.’ ” Maj. Op. at 727. YahooPs argument on appeal is exactly that the use of the phrase “said end user communication message” in connection with the phrase “an end user communication message” requires each limitation to act upon the same message.
YahooPs argument is barred by our case law. We have made clear that the use of an indefinite article such as “a” or “an” carries the meaning of “one or more.” See KCJ Corp. v. Kinetic Concepts, Inc., 223 F.3d 1351, 1356 (Fed.Cir.2000). The “one or more” construction is a bedrock rule of patent law, with very limited exceptions, none present in this case. See Baldwin Graphic Sys., Inc. v. Siebert, Inc., 512 F.3d 1338, 1342 (Fed.Cir.2008). We have also clarified that “[t]he subsequent use of definite articles ‘the’ or ‘said’ in a claim to refer back to the same claim term does not change the general plural rule, but simply reinvokes that non-singular meaning.” Id. Thus, the use of the term “said” does not require, or even imply, that each limitation must execute upon a single message when the claimed apparatus is used. Instead, “said end user communication message” merely references “one or more” end user communication messages. “Said” is an anaphoric phrase that merely refers back to the initial antecedent phrase. Baldwin Graphic, 512 F.3d at 1343 (“Because the initial phrase carries no definitive numer-osity, the anaphoric phrases do not alter that meaning in the slightest.”). YahooPs claim construction argument on the meaning of the term “said” fails under our precedent. Indeed, the district court carefully and precisely instructed the jury as to what “an end user communication message” means in claim 45 under Baldwin Graphic: the second and third limitations can be performed on any set of data, not necessarily the set of data that is received in the first limitation.
The majority wrongly accuses the district court of dereliction of duty for failing to instruct the jury that all three logical elements must operate on the same message. First, in the context of claim 45, Baldwin Graphic prohibits such an instruction. And, indeed, the district court instructed the jury exactly to the contrary, namely that the claim does not require all three logical elements to operate on the same message. When the district court told the jury that “said end user communication message” merely refers back to “an end user communication message,” which means one or more end user communication messages, the jury and the parties knew that the three logical elements need not be performed on a single message.
In addition to discounting Baldwin Graphic and erroneously revising the district court’s claim construction, the majority fails to confront that claim 45 reads as an apparatus claim on its face. Instead, *736 the majority repeatedly treats the claim as a method claim with steps that must be performed for infringement. See, e.g., Maj. Op. at 729 (“The claim language makes clear that all three logical elements must act, at least once, on the same message or messages.”). However, requiring a concerted execution of the claimed logic upon a single message is not the proper test for infringement of an apparatus claim. Instead, the proper question for infringement is whether the accused computer program contains logic configured to meet each limitation, regardless of how or when the claimed logic is used.
Yahoo! appeals the jury’s finding that Yahoo! Messenger meets the second limitation of claim 45 which requires insertion of a background reference into an end user communication message. Yahoo! argues that Yahoo! Messenger cannot infringe because it never “replaces” or “overwrites” a pre-existing background reference in a message; instead Yahoo! claims that Yahoo! Messenger always creates a new message when an IMV-ID is selected. However, at trial, Creative used the concept of message buffers to demonstrate that Yahoo! Messenger contains logic configured to replace a background reference in a set of data.[2]
Dr. Goldberg, Yahoo!’s technical expert, explained to the jury that a message buffer is a set of data contained at a location in computer memory. He further explained to the jury that when a so-called “new instant message” is sent or received by Yahoo! Messenger at least some of the data in the buffers can be replaced. He stated:
Q. The message, when it’s received, sits in memory, and then it’s overwritten by the next message, correct?
A. Yes. It’s no longer accessible.
Q. But it’s overwritten by the next message, is my question.
A. Let’s be clear. Computers have incoming message buffers, the memory that when an incoming message comes in, that’s where it goes, okay? And the computer can then use that data that came in.
The next message coming in is likely to be put right where that previous message was. It may or may not. But it could overwrite it. So the first message comes in, the next message comes in and overwrites it. And so the first message is gone.
Q. Right. It’s overwritten.
A. I think it’s fair to say in that memory, the first message is overwritten by the second one. Yeah, I have no problem with that.
Dr. Goldberg later confirmed that the buffer data is replaced by each subsequent incoming or outgoing instant message in Yahoo! Messenger.
Q. Okay. And, in fact, in the other computer program, there’s memory that’s allocated once this chat session starts, and every message received is put in the same memory location and overwrites the previous message. You agree with that, don’t you?
A. If the same location is being used every time for that buffer, the data coming in, then I agree with that.
*737 Q. Okay. And you said you think it’s likely in the Yahoo! Messenger program, it does happen that way?
A. Yes, I do.
Yahoo! argues that the jury misunderstood its expert’s testimony and that each time any modification is made to the message buffer it is the result of a new instant message being created. However, Yahoo!’s argument is rooted in its proposed construction that “end user communication message” means “a written communication intended for an end user.” This construction was rejected by the district court and Yahoo! does not appeal the rejection. The district court’s unappealed construction states that “an end user communication message” is merely “a set of data transmitted over a network.” The record contains sufficient evidence to allow a reasonable jury to find that a replacement occurs within the set of data contained in the message buffers.
The majority additionally holds that the jury erred by finding literal infringement of the third limitation in claim 45. Ya-hool’s argument regarding the third limitation is that because Yahoo! Messenger creates a new instant message each time a user modifies a background, it will never transmit an instant message on which the “insertion” logic of the second limitation has already executed. This argument is again rooted in Yahool’s argument to the district court that “end user communication message” means “a written communication intended for an end user” and further requires that claim 45 be treated as a method claim with “steps” that must be performed in the listed order.
The third limitation of claim 45 requires “logic configured to transmit said end user communication message with the background reference to a second site.” As previously discussed, Yahoo! does not appeal the construction of “end user communication message” as “a set of data.” There is no factual dispute in the record that Yahoo! Messenger in fact transmits sets of data with background references to a second site and the majority points to no evidence to suggest otherwise. Yahoo!’s “ordered steps” argument must also be rejected. Claim 45 is an apparatus claim and the district court properly instructed the jury that the limitations of claim 45 do not need to be performed in the listed order.
For these reasons, we should affirm the jury’s finding of literal infringement.
II
I also dissent from the majority’s reversal of the jury verdict of infringement under the doctrine of equivalents. Because there can be no dispute that Yahoo!’s computer program meets the first and third limitations in claim 45, the only equivalents issue relates to the second limitation. Yahoo! thus appeals from a jury verdict and denial of judgment as a matter of law finding that the IMVironments enable checkbox is equivalent to the “overwrite authorization” in claim 45. Yahoo! contends that the jury lacked sufficient evidence to decide that only insubstantial differences separate Yahoo!’s enable checkbox from the claimed overwrite authorization. See Appellant’s Br. at 42 (“The district court’s decision was erroneous because the differences between the IMVironments enable checkbox and an ‘overwrite authorization’ are substantial.”).
The majority finds Creative’s expert testimony on the doctrine of equivalents lacking, even though Creative’s expert, Mr. Klausner, described in detail how the function, way, result test should be applied to both the “overwrite authorization” in claim 45 and the enable IMVironments checkbox in Yahoo! Messenger. By any measure *738 ment (other than the majority’s), Creative’s equivalents evidence meets the relevant test. See Tex. Instruments Inc. v. Cypress Semiconductor Corp., 90 F.3d 1558, 1567 (Fed.Cir.1996) (“a patentee must [] provide particularized testimony and linking argument as to the ‘insubstan-tiality of the differences’ between the claimed invention and the accused device or process, or with respect to the function, way, result test when such evidence is presented to support a finding of infringement under the doctrine of equivalents”).
While it appears that the majority finds Mr. Klausner’s testimony on the appealed issue sufficient, see Maj. Op. at 732-38, the majority adopts a different rationale from that presented by Yahoo! and suggests that Creative erred by failing to introduce equivalents testimony regarding other aspects of the second limitation. There is no basis in our case law for requiring particularized testimony and linking argument on aspects of a limitation that are not argued to be infringed under the doctrine of equivalents. Of course this is so because it is precisely the doctrine of equivalents argument — here whether the IMVironments checkbox is equivalent to the “overwrite authorization” — that needs particularized testimony, not other aspects of the claim. The majority’s suggestion that more is required is mistaken. There is certainly sufficient particularized testimony and linking argument on the “overwrite authorization.”

. I agree with the majority's reasoning and conclusion on the validity issue.

. While the majority appears to find a distinction between the words "insert,” "overwrite,” and "replace,” I note that the parties used these terms interchangeably when referring to the second limitation of claim 45. This is because the "insertion” occurs into a message responsive to an "overwrite authorization.” Thus, the "insertion” can also be referred to as a "replacement” or "overwrite” and the jury was instructed accordingly.